UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. HOELLER,
      Plaintiff,

v.                                                   Case No. 21-C-1033

CARROLL UNIVERSITY, INC.,
      Defendant.

## DECISION AND ORDER

In a prior order, I dismissed pro se plaintiff Timothy Hoeller's complaint against Carroll University for failure to comply with federal pleading rules requiring him to: (1) provide a short and plain statement of the grounds for the court's jurisdiction, Fed R. Civ. P. 8(a)(1); (2) provide a short and plain statement of the claim, Rule 8(a)(2); and (3) state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, Rule 10(b). I granted Hoeller leave to file an amended complaint that complied with these rules. I also advised him that

> [i]n preparing his amended complaint, the plaintiff should bear in mind that he does not need to include all the facts and legal authority supporting his claims in the complaint itself. "Complaints plead claims, which is to say grievances." *ACF 2006 Corp. v. Mark C. Ladendorf, Attorney at Law, P.C.*, 826 F.3d 976, 981 (7th Cir. 2016). Complaints need not cite authority or set out a line of legal argument. *Id.* Thus, the plaintiff should file a complaint that, in numbered paragraphs, sets out the basic facts related to his grievances against Carroll University. He should not clutter the complaint with excessive detail about his claims or with citations to legal authority. If the amended complaint shows that the plaintiff has a valid grievance against Carroll University that can be asserted in federal court, the plaintiff will have an opportunity to present additional details relating to his claims after the defendant responds to the complaint.

Order of Sept. 22, 2021, at 2.

On October 27, 2021, the plaintiff filed an amended complaint. But the amended complaint largely does not follow my prior instructions or comply with federal pleading rules. The complaint does not contain a short and plain statement of the grounds for the court's jurisdiction. Although the allegations are now in numbered paragraphs, those paragraphs are not limited to a single set of circumstances. For the most part, the paragraphs contain arguments rather than plain factual allegations identifying the plaintiff's grievance against Carroll University. For these reasons alone, I will dismiss the amended complaint without further leave to amend, as it is clear that the plaintiff is unable or unwilling to follow federal pleading rules. *See U.S. ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ("a district court properly exercises its discretion in dismissing the case when the plaintiff continually fails to provide a valid pleading in compliance with the federal rules").

However, I also note that I have tried my best to identify any potentially viable federal claims within Hoeller's amended complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must give pro se pleading a liberal construction). The only potential claim I can identify is one under the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage for two hours that Hoeller spent attending an "Adjunct Faculty Orientation Meeting." Am. Compl. ¶ 45(1). Again, because the plaintiff has not pleaded the basic facts of his grievance, it is hard to precisely identify the contours of this claim. But by piecing together various allegations from the complaint and attached exhibits, it appears that that the plaintiff believes that Carroll University owes him $14.50 for his attendance at an orientation meeting that was held in January 2017. *See* Am. Compl. ¶¶ 14–18 & page 1

of attached exhibits. The University apparently required him to attend the meeting because it hired him to teach a section of a physics laboratory in the Spring of 2017. The plaintiff seems to think that his contractual salary for teaching the physics lab did not also qualify as compensation for attending the meeting.

The FLSA generally requires employers to pay employees a specified minimum wage and overtime of time and one-half for hours worked in excess of forty hours per week. See 29 U.S.C. §§ 206–07; *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018). But the FLSA contains exemptions from these requirements, one of which applies to "any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools)." 29 U.S.C. § 213(a)(1). The Department of Labor, which administers the FLSA, *see* 29 U.S.C. § 204, has promulgated regulations pertinent to this exemption, *see* 29 C.F.R. pt. 541. One such regulation provides that the term "employee employed in a bona fide professional capacity" includes "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a).[1] Further, the regulation provides that no minimum salary must be paid to a teacher before that teacher will be deemed exempt from the FLSA's minimum-wage requirement. *Id.* § 541.303(d). Thus, when this regulation applies, a

---

[1] The term "educational establishment" is defined to include institutions of higher education. *See* 29 C.F.R. § 541.204(b).

plaintiff is prevented from "pleading plausible minimum wage and overtime claims" under the FLSA. *Fernandez v. Zoni Language Centers, Inc.*, 858 F.3d 45, 54 (2d Cir. 2017).

Here, to the extent the plaintiff intends to assert an FLSA claim for his attendance at the faculty orientation meeting, such a claim would fail on the merits. The plaintiff attended this meeting because he accepted employment as an adjunct faculty member at a university. Clearly, the "primary duty" of an adjunct faculty member is teaching, and therefore his position at Carroll University was exempt from the FLSA's minimum-wage requirement. The plaintiff seems to contend that attending the two-hour meeting was not itself exempt work. *See* Am. Compl. ¶ 15 (contending that the orientation meeting did not "pertain to the teaching craft"). I doubt that that is true, but even if it were, it would not make an FLSA claim plausible. Even if the plaintiff performed non-exempt work for two hours, his "primary duty" as an adjunct faculty member would still have been teaching, and therefore his employment would still have been within the scope of the exemption. *See* 29 C.F.R. § 541.303(a); *Renfro v. Indiana Michigan Power Co.*, 370 F.3d 512, 517 (6th Cir. 2004) ("Exempt employees' status under the FLSA does not change merely because they perform some nonexempt work."). Accordingly, to the extent the plaintiff intended to state a claim for violation of the federal minimum-wage requirement, his claim would have to be dismissed.

I also note that the plaintiff references Wisconsin wage-and-hour law and seems to claim that Carroll University breached his employment contract by failing to pay him additional compensation for his attendance at the meeting. But these are state-law claims, and the parties are not diverse, so such claims are not within the original jurisdiction of a district court. Moreover, because the plaintiff has no viable federal claim, I would not

4

exercise supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). If the plaintiff wishes to pursue state-law claims against the University, he must file them in state court. I express no view on whether such claims would have merit.

For the reasons stated, **IT IS ORDERED** that the plaintiff's amended complaint is **DISMISSED**. Any claim for violation of the FLSA is dismissed on the merits. Any state-law claims are dismissed without prejudice because the court declines to exercise any supplemental jurisdiction it might have over such claims. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge